IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XM SATELLITE RADIO INC. <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL COMP NORTHEAST, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:06-cv-00186 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff XM Satellite Radio Inc. ("Plaintiff") requests that judgment be entered by the Clerk of this Court against Global Comp Northeast, Inc. ("Defendant") pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure as a result of Defendant's default. Plaintiff requests that judgment be entered based on a net principal amount of **$206,775**, together with statutory pre-judgment interest pursuant to D.C. Code § 28-3302(a), in the amount of **$25,309.26** for a total judgment of **$ 232,084.26**. Plaintiff further requests that the Order provide that post-judgment interest accrue on the award pursuant to 28 U.S.C. § 1961. Full information on the principal amount of judgment sought is explained in the simultaneously-filed Declaration of Amount Due in Support of Motion for Default Judgment.

The Clerk of this Court should please enter the judgment requested against Defendant Global Comp Northeast, Inc. and in favor of XM Satellite Radio Inc. because:

1. The Clerk of this Court entered the default of Global Comp Northeast, Inc. on April 24, 2006, as a result of Global Comp's failure to timely plead or otherwise respond in this action. The default is Document 6 in this Court's ECF system, and is attached hereto as Exhibit 1.

2. The Complaint in this action sets out valid claims for breach of contract, unjust enrichment, breach of the obligation of good faith, and breach of the warranty of merchantability. By virtue of the default, Global Comp Northeast, Inc. may not challenge any of the factual allegations supporting those claims.

3. The claim of XM Satellite Radio Inc. is for a sum that, by computation, can be made certain.

4. The terms of relief sought in the requested judgment are fully justified by the facts shown in the simultaneously-filed Declaration of Amount Due in Support of Motion for Default Judgment, which demonstrates that XM is owed $206,775.

5. Pursuant to D.C. Code § 28-3302(a), prejudgment interest accrues at the rate of 6% per annum on the amount due, from May 24, 2004, the date XM paid Global Comp for the Chips at issue, to date. *See* Declaration of Amount Due in Support of Motion for Default Judgment, Exhibit 4. Therefore, the amount of prejudgment interest that should be added to the principal judgment is **$25,309.26**, which is equal to the net principal amount of $206,775 x 6% x 2.04 years.

6. Attached to this motion at Exhibit 2 is the Declaration of Deborah B. Baum, which was originally filed as an exhibit to Plaintiff's Request to Enter Default,

and which is designated as Document 5-2 in this Court's ECF system. The Declaration of Deborah B. Baum shows, *inter alia*, that Global Comp Northeast, Inc. is not currently serving in the military, nor is it a minor or an incompetent person.

7. This motion is based on this document, the accompanying exhibits, and on all of the pleadings and papers on file in this action.

DATED: June 9, 2006                                Respectfully submitted,


                                                                       /s/ Deborah B. Baum
Deborah B. Baum (D.C. Bar No. 393019)
Anne E. Langford (D.C. Bar No. 492271)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
*Counsel for XM Satellite Radio Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June 2006, the foregoing Motion for Entry of Judgment by Default, Proposed Order, and all accompanying exhibits were filed electronically and served via first class, postage prepaid, U.S. mail on the following:

Global Comp Northeast, Inc.
c/o Business Filings Incorporated (Registered Agent)
187 Wolf Road, Suite 101
Albany, New York 12205


_____/s/ Deborah B. Baum_____